UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60042-CIV-HUCK/O'SULLIVAN

COLONY INSURANCE COMPANY,

    Plaintiff,
vs.

CINDY NICHOLSON, FANCY NAILS,
and CUONG TAN PHAM,

    Defendants.
_____/

## ORDER

This matter is before the Court on Cuong Tan Pham's and Fancy Nails' Motion for Judgment on the Pleadings, Motion to Dismiss and Memorandum of Law (D.E. # 21), filed April 5, 2010, and Colony Insurance Company's Cross Motion for Judgment on the Pleadings (D.E. # 26), filed May 3, 2010. By Order dated June 7, 2010, the Court converted these pleadings to motions for summary judgment and permitted the parties to supplement the record with evidentiary material and additional briefing. For the following reasons, the defendants' Motion is granted, and plaintiff's Cross Motion denied.

## FACTS

Cindy Nicholson, a nominal defendant in this action,[1] is the plaintiff in an underlying suit brought against defendant Fancy Nails, a nail salon, and its operator, Cuong Tan Pham. That underlying suit alleges that as a result of manicuring and acrylic nail services that the defendants provided to Nicholson, she "was caused to contract infection and suffer serious and permanent disfigurement, scarring and other catastrophic personal injuries."

Plaintiff Colony, the defendants' insurer, filed this action seeking a determination that it need not defend nor indemnify the defendants in the underlying personal injury action, which is pending in a Florida state court.

---

[1] As defendant Nicholson is nominal, this Order, when using the term "defendants," is referring to Cuong Tan Pham and Fancy Nails.

The insurance agreement spans some forty-four pages and includes a master Commercial General Liability Coverage Form and numerous riders containing coverage exclusions or extensions.  One of these riders, the Barbers and Beauticians Coverage Extension, provides that Colony

> will pay those sums that the insured becomes legally obligated to pay as damages because "of bodily injury", "property damage" or "personal and advertising injury" caused by or resulting from the rendering of or failure to render services in connection with the operation of the insured's business as a barber shop or beauty salon, including treatment, advice or instruction for the purpose of appearance or skin enhancement or personal grooming or therapy.

Two separate riders purport to limit coverage in a manner relevant to this action.  The Communicable Disease Exclusion provides that there is no coverage for injury or damage arising from "the transmission of a communicable disease" or "failure to perform services which were either intended to or assumed to prevent communicable diseases or their transmission to others."  The term "communicable disease" is defined as

> a contagious disease or illness arising out of or in any manner related to an infectious or biological virus or agent or its toxic products which is transmitted or spread, directly or indirectly, to a person from an infected person, plant, animal or anthropoid, or through the agency of an intermediate animal, host or vector of the inanimate environment or transmitted or spread by instrument or any other method of transmission.

The Fungi or Bacteria Exclusion provides that there is no coverage for injury or damage

> which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

## ANALYSIS

**A. The Policy Exclusions are Enforceable**

The defendants argue that the Barbers and Beauticians Coverage Extension, which extends coverage to damage and injury arising in connection with a salon, and does not within its four corners contain any exclusions of coverage, overrides the Exclusions.  This argument, however, is without merit.

The Barbers and Beauticians Coverage Extension states that it is modifying section I.1.a. of the Commercial General Liability Coverage Form, a section relating to

the initial grant of coverage.  The relevant portions of the Communicable Disease Exclusion and Fungi or Bacteria Exclusion, however, modify a different (and later) section of the Commercial General Liability Coverage Form—I.2, a section regarding exclusions to coverage.  There is no inconsistency among these provisions when the contract is read in this order.  This is not a situation of one rider containing specific exclusions and another rider containing a broad, unconditioned extension of coverage, with no express guidance as to which shall be accorded controlling weight.  Here, there is an earlier general extension of coverage that is subsequently modified by specific exclusions.

Even if the Exclusions and Extension were not modifying different portions of the Commercial General Liability Coverage Form, and thus were potentially inconsistent, the Court would still give the Exclusions effect.  This is because the defendants' interpretation of the Exclusions—that they are overridden by the Extension—would accord them no significance whatsoever.  Generally, a party to an agreement may not reasonably interpret as meaningless and without any effect documents that accompany the contract. *Moore v. State Farm Mut. Auto. Ins. Co.*, 916 So. 2d 871, 877 (Fla. 2d DCA 2005) (courts "will not interpret a contract in such a way as to render provisions meaningless when there is a reasonable interpretation that does not do so.").  This is not a case of conflict between an exclusion and an extension containing a specific provision in direct contravention of the exclusion, where the Court would be compelled to find one of the terms meaningless. *See Cincinnati Ins. Co. v. Recreation Ctrs. of Sun City, Inc.*, No. CV-07-0329-PHX-PGR, 2008 WL 898725, *3-*4 (D. Ariz. March 31, 2008) (holding that coverage extension explicitly applying to damage caused in part by "[d]ecay that is hidden from view" trumped general exclusion of damage resulting from "hidden or latent defect or any quality in property that causes it to damage or destroy itself"); *Certain Underwriters at Lloyd's Subscribing to Policy No. WDO-10000 v. KKM, Inc.*, 215 S.W.3d 486, 494 (Tex. App. 2006) (concluding that the coverage extension for collapse caused by hidden decay was a separate provision from the general exclusion for losses caused by "rust, corrosion, fungus, decay, decomposition, hidden or latent defects," and that it extended coverage beyond the carved-out exclusions).  Here—unlike in *Cincinnati Ins. Co.* and *Lloyds*—the Extension made no specific mention of coverage for injury

arising from infection, and thus is not the type of extension that would trump specific exclusions. As such, the Exclusions, to the extent they are relevant, must be enforced.

**B. Plaintiff Must Defend the Underlying Action**

"[W]hether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief, even when the issue of the insurer's actual liability in the underlying suit may not be considered until after a resolution of that suit." *Couch on Insurance* § 227:29. (3d ed. 2010). *See Coregis Ins. Co. v. McCollum*, 955 F. Supp. 120 (M.D. Fla. 1997) (considering duty to defend before adjudication of underlying tort action in state court). "If the allegations of the complaint leave any doubt regarding the duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend." *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 814 (Fla. 1st DCA 1985).

The complaint leaves doubt regarding the duty to defend. It states that Nicholson "was caused to contract infection and suffer serious and permanent disfigurement, scarring and other catastrophic personal injuries." This allegation lacks temporal and geographical specificity. It is possible that Nicholson contracted the infection from bacteria contained in the nail salon, thus potentially bringing the injury within the ambit of the Fungi or Bacteria Exclusion. However, the complaint is also consistent with a different factual scenario in which the Fungi or Bacteria Exclusion would not apply: Nicholson having contracted the infection *after* leaving the nail salon, exposed to that risk by virtue of the salon having, as the complaint alleges, "damage[d] the skin around the base of the nail of the right pinky finger." In light of this ambiguity, the Court must resolve the question of the duty to defend in favor of the insured.[1] While the complaint does contain allegations suggesting that the infection was caused by the defendants' failure to exercise proper sanitary and disinfectant procedures, it is possible for Nicholson to succeed in her suit even if she cannot prove this allegation. Again, she can succeed by proving that the defendants negligently damaged the skin around the base of her finger,

---

[1] The Court is not convinced, on the present factual record, that the Communicable Disease Exclusion is relevant to this action. Plaintiff Colony submitted for consideration the Affidavit of Margaret Gorensek, M.D. (D.E. # 46-1), which indicates that Nicholson had contracted a bacterial infection. The definition that the Exclusion offers for communicable disease—"a contagious disease or illness arising out of or in any manner related to an infectious or biological virus or agent"—appears to exclude bacterial infections, particularly when read in light of a separate Exclusion applying to bacteria and fungi (but not viruses).

4

rendering her susceptible to infection, even if she did not contract the infection at the salon.

**C. The Court Will Not Presently Consider the Issue of Indemnity**

The fact that plaintiff must defend the underlying action "does not mean, of course, that the insurer necessarily will have a duty to indemnify the insured for any award that may be made in the [underlying] action. The duty to indemnify, unlike the duty to defend, turns on the actual facts, not the facts as alleged in the complaint." *Colony Ins. Co. v. Barnes*, 410 F. Supp. 2d 1137, 1143 (N.D. Fla. 2005). The actual facts are the subject of dispute within the state court, and this Court does not believe it a wise exercise of its discretion to conduct parallel proceedings and risk inconsistent judgments regarding those disputed facts. *See Hartford Fire Ins. Co. v. InterDigital Communications Corp.*, 464 F. Supp. 2d 375, 380 (D. Del. 2006) (where "the facts relevant to the underlying litigation are also relevant to the question of indemnification, courts have advocated an approach which defers adjudication of the indemnity question"); *Citizens Communications Co. v. American Home Assur. Co.*, No. Civ.A. CV-02-237, 2004 WL 423059, *3 (Me. Sup. Ct. Feb. 19, 2004) ("Resolution of the indemnification issue ordinarily requires a trial on the merits after the underlying litigation has been resolved.").

## CONCLUSION

For the foregoing reasons, the defendants' Motion is GRANTED, and plaintiff's Cross Motion is DENIED. Summary judgment is entered in favor of the defendants on the issue of the duty to defend. At this time, the Court takes no position on the duty to indemnify, which may be raised by motion to re-open this case once the issue is ripe.

DONE and ORDERED in Chambers, Miami, Florida, July 19, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record