UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60042-CIV-HUCK/O'SULLIVAN

COLONY INSURANCE COMPANY,

    Plaintiff,
vs.

CINDY NICHOLSON, FANCY NAILS,
and CUONG TAN PHAM,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Colony Insurance Company's Motion for Reconsideration (D.E. # 67), filed August 2, 2010. The Court held oral argument on the Motion on August 24, 2010. For the following reasons, the Motion is denied.

## FACTS

Cindy Nicholson, a nominal defendant in this action, is the plaintiff in an underlying suit brought against defendant Fancy Nails, a nail salon, and its operator, Cuong Tan Pham. That underlying suit alleges that as a result of manicuring and acrylic nail services that the defendants provided to Nicholson, she "was caused to contract infection and suffer serious and permanent disfigurement, scarring and other catastrophic personal injuries." The parties do not dispute that the infection was bacterial. Plaintiff Colony, the defendants' insurer, filed this action seeking a determination that it need not defend nor indemnify the defendants in the underlying personal injury action, which is pending in a Florida state court. In its July 19, 2010 Order (D.E. # 59), the Court entered summary judgment in favor of the defendants, holding that Colony had a duty to defend the underlying suit, and expressed no opinion on Colony's duty, if any, to indemnify the defendants for any losses.

The Court's decision was premised on the temporal and geographical uncertainty surrounding Nicholson's injury. Under the "Fungi or Bacteria Exclusion" attached as a rider to the insurance policy, coverage was excluded for injuries arising from bacteria contained within the salon. Without knowing whether Nicholson contracted the infection

within the salon, or contracted it without after being predisposed to such risk by virtue of the salon's allegedly negligent cutting of her finger, the Court found that Colony was required to defend the action. *See Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 814 (Fla. 1st DCA 1985) ("If the allegations of the complaint leave any doubt regarding the duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend.").

Colony had asserted the relevance of a separate rider, the "Communicable Disease Exclusion," which excludes from coverage injury or damage arising from "the transmission of a communicable disease" or "failure to perform services which were either intended to or assumed to prevent communicable diseases or their transmission to others." The term "communicable disease" was defined as

> a contagious disease or illness arising out of or in any manner related to an infectious or biological virus or agent or its toxic products which is transmitted or spread, directly or indirectly, to a person from an infected person, plant, animal or anthropoid, or through the agency of an intermediate animal, host or vector of the inanimate environment or transmitted or spread by instrument or any other method of transmission. Communicable Disease shall include, but not be limited to Acquired Immune Deficiency Syndrome (AIDS) or Human Immunodeficiency Syndrome (HIV), Severe Acute Respiratory Syndrome (SARS), West Nile Disease, chicken pox, any type or strain of influenza (including, but not limited to avian flu), legionella, hepatitis, measles, meningitis, mononucleosis, whooping cough, cholera, bubonic plagues and anthrax.

The Court discounted this exclusion's relevance:

> The definition that the Exclusion offers for communicable disease—"a contagious disease or illness arising out of or in any manner related to an infectious or biological virus or agent"—appears [not to include within its ambit] bacterial infections, particularly when read in light of a separate Exclusion applying to bacteria and fungi (but not viruses).

In the Motion for Reconsideration, Colony contends that the Court erred in its interpretation of the Communicable Disease Exclusion. Colony argues that the Communicable Disease Exclusion must apply to bacterial infections because (1) "infectious . . . agent" is broad enough to include bacteria, and (2) a number of the diseases listed within the Communicable Disease Exclusion—such as Legionella, Whooping Cough, Cholera, Bubonic Plagues and Anthrax—are bacterial. Unlike the Fungi or Bacteria Exclusion, the Communicable Disease Exclusion is not geographically

2

or temporally limited, and its application could exclude coverage for the kind of injury at issue in this case regardless of when or where it occurred.

## ANALYSIS

On initial examination, there appears a tension within insurance contract law relevant to this matter. One line of cases holds that multiple clauses can legitimately "exclude separate, but potentially overlapping types of conduct," in light of an insurer's incentive, "given strict rules of construction against a drafter, . . . to draft overlapping and redundant clauses which exclude coverage for the same conduct." *Constitution State Ins. Co. v. Iso-Tex Inc.*, 61 F.3d 405, 408-409 (5th Cir. 1995). Another line of cases—including binding precedent—counsels that "[a]ll provisions of an insurance contract should be read together . . . to give effect and meaning to all portions of the policy. An interpretation which gives a reasonable meaning to all provisions is preferable to one which leaves a portion of the policy useless, inexplicable or creates surplusage." *Jameson v. Mut. Life Ins. Co. of N.Y.*, 415 F.2d 1017, 1020 (5th Cir. 1969). A careful reading of *Constitution State*, however, tells a different story.

*Constitution State* involved a dispute over coverage for personal injury resulting from radioactive contamination allegedly deposited by a defendant in the business of handling, transporting, storing and disposing of radioactive medical waste. *Constitution State*, 61 F.3d at 406-07. The policy contained an "absolute pollution exclusion" which excluded coverage for personal injury "arising out of the permanent or transient contamination of the environment by pollutants." *Id.* at 407. The policy also contained a "nuclear energy liability exclusion endorsement" which applied to "nuclear material" at a "nuclear facility." *Id.* The Fifth Circuit acknowledged that the two policies could indeed permissibly overlap—for instance, where the polluter is a nuclear facility. Nonetheless, and critically, the Fifth Circuit found that there was in fact no overlap under the case's circumstances because the defendant was not a "nuclear facility." *Id.* Paramount, then, was that not *all* activity excluded by one policy was also excluded by the other. It was the fact that "[t]he two clauses exclude[d] *separate*, but *potentially* overlapping types of conduct" that made it "perfectly logical" for the insurer to include overlapping provisions. *Id.* at 408 (emphasis added). Thus, while some overlap is permissible, complete overlap in all hypothetical scenarios would indeed constitute confusing superfluity. *See United Nat'l Ins. Co. v. Waterfront New York Realty Corp.*, 994 F.2d

105, 108-09 (2d Cir. 1993) ("While the sexual molestation clause overlaps with the assault and battery clause insofar as both would operate to exclude from coverage claims arising out of sexual assault and battery against a person under 16 years old, the sexual molestation clause on its face also excludes claims arising out of wrongful sexual acts that are not assaults or batteries.").

In this case, Colony's expansive interpretation of the Communicable Disease Exclusion would completely subsume the bacteria portion of the Fungi or Bacteria Exclusion. The resulting complete—not potential or limited—overlap would confuse an insured and run afoul of *Jameson*'s rule that all portions of a policy are to be given meaning so as to avoid surplusage or superfluity. Additionally, in interpreting an insurance contract, a court should consider its terms as they would be understood by a reasonable layperson, not an expert. *See e.g.*, *Root v. Lincoln Nat'l Life Ins. Co.*, 948 F.2d 1293, 1991 WL 256527, *2 (9th Cir. Dec. 2, 1991) ("we must interpret the terms of an ERISA insurance policy according to the reasonable expectations of the insured layperson, not as they would be read by an expert in the intricacies of ERISA"); *Ga. Farm Bureau Mut. Ins. Co. v. Huncke*, 524 S.E.2d 302, 302 (Ga. Ct. App. 1999) ("In construing an insurance policy, the test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney."); *Qualls v. Farm Bureau Mut. Ins. Co.*, 184 N.W.2d 710, 712 (Iowa 1971) ("a contract of insurance should be interpreted from the standpoint of an ordinary man's viewpoint, not a specialist or expert"). A layperson attempting to discern the coverage provided by a lengthy and rider-laden insurance policy is unlikely to construe as superfluous a *limited* exclusion of coverage—which specifically references "Bacteria" in its title—in light of an unlimited separate exclusionary provision purporting in broad fashion to govern the same subject matter. A reasonable layperson is instead likely to assume that a sophisticated insurer has chosen its words carefully. If a provision specifically referencing "Bacteria" only excludes coverage for injury arising from bacteria contained within the salon, a reasonable layperson is likely to conclude that the policy does indeed provide coverage for injury arising from bacteria contained without.

4

The Court's conclusion is consistent with the well-settled principle that exclusions are to be construed narrowly in a manner which affords the broadest coverage consistent with the exclusion. *Hudson v. Prudential Prop. & Cas. Ins. Co.*, 450 So. 2d 565, 568 (Fla. 2d D.C.A. 1984) ("insurance coverage must be construed broadly and its exclusions narrowly"); *St. Paul Fire & Marine Ins. Co. v. Thomas*, 273 So. 2d 117, 120 (Fla. 4th D.C.A. 1973) ("we are constrained to follow the well settled and almost universally accepted principle of construing the exclusion in a manner which affords the broadest coverage").

Accordingly, it is hereby ORDERED that the Motion for Reconsideration is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, September 8, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record